### 9270

### SELLERS & MOORE v. CAMPBELL.

#### (87 S. E. 999.)

PAYMENTS—APPLICATION.—A subsequent lien creditor cannot question the application of payments theretofore made by a prior creditor of the common debtor in a settlement had before the subsequent creditor's rights arose.

Before MEMMINGER, J., Marion, June, 1915. Affirmed.

Action by Sellers & Moore against P. S. Campbell. From judgment dismissing complaint, the plaintiffs appeal.

*Messrs. Sellers & Moore,* for appellants, cite: 20 S. C. 542; 32 S. C. 277; 38 S. C. 507; 73 S. C. 190.

*Messrs. Lide & Mace,* for respondent, cite: 91 S. C. 121. *Questions of fact in law case not reviewable in Supreme Court:* 77 S. C. 414; 63 S. C. 45; 58 S. C. 1; 78 S. C. 487.

February 26, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The fellowing statement of facts appears in the record:

"This was an action of claim and delivery, instituted by plaintiffs against the defendant for the possession of a certain mule, the property in dispute, on which one Peter Caulder had given to the plaintiffs a mortgage to secure the payment of forty-five ($45.00) dollars, dated October 7th, 1914, due October 22d, 1914. This mortgage was not recorded. The action was commenced by the service of the usual papers, in a claim and delivery suit, on the defendant, on the 5th day of January, 1915, in a magistrate's Court. The defendant gave bond and took possession of the mule pending litigation. At the trial of the case the defendant answered orally, setting up title or right to the possession of the property, under a crop mortgage for advances to Peter Caulder, for the year 1914, said mortgage also covering the mule in dispute. This mortgage was for $125.00, dated January 24th, 1914, and due October 1, 1914, and duly recorded January 27th, 1914. Peter Caulder was a tenant on the land of the defendant for the year 1914, working on shares—one-half of the crop to the landlord, and one-half to the tenant. They worked a crop of tobacco, cotton, corn, etc. The note and mortgage for $125.00 was endorsed by defendant. The tobacco crop was taken to market by the defendant and sold for $336.66. The defendant received the proceeds of the tobacco, and cotton worth $101.46, in all $438.12, one-half of which was credited to Caulder. He claims to have made advances to Caulder outside of the mortgage as landlord, for which he took no written security, in the sum of $143.60, the advances thus aggre-

gating with the note and mortgage advanced, $268.60. The defendant received the entire crop, and the question before the Court is whether the mortgage given by Peter Caulder on the crop and mule was paid or not."

The magistrate rendered judgment in favor of the plaintiffs, for possession of the property in dispute, or for fifty dollars, the value thereof. The defendant appealed, and the Circuit Court reversed the judgment rendered by the magistrate, and dismissed the complaint, whereupon the plaintiffs appealed to this Court.

As hereinbefore stated, the sole question is, whether the mortgage executed by Peter Caulder in favor of the defendant, has been paid.

The additional advances made by the defendant to Peter Caulder, amounting to 143.60, created a lien on the crops in his favor, although there was no written agreement between them that the landlord should have such lien. *Nexsen* v. *Ward,* 96 S. C. 313, 80 S. E. 599.

Peter Caulder's share of the crops amounted to $219.06, and the indebtedness of Peter Caulder under the mortgage, and for the additional advances, amounted to $268.60. Therefore, the share of Peter Caulder was not sufficient to satisfy the lien on the crops created by the mortgage, and the lien created by statute. The uncontradicted testimony of the defendant is to the effect that the share of Peter Caulder in the crops was applied on his account before he executed the mortgage on the mule to the plaintiffs, dated on the 7th of October, 1914, and that he turned the mule over to the defendant.

It appears that Peter Caulder did not object to the manner in which the proceeds arising from his share of the crops were applied by the landlord; nor that he regarded the mortgage on the mule as satisfied by the application of said proceeds, otherwise he would not have turned the mule over to the landlord.

14—103

The two fund doctrine has no application to this case, for the reason that the plaintiffs' mortgage on the mule was not executed until the 7th of October, 1914, which was after there had been a settlement between Caulder and the defendant.

Appeal dismissed.